### CURRY v. TRAVER-BIRD CO.

1. FALSE IMPRISONMENT—PRINCIPAL AND AGENT—PROCESS—EVIDENCE OF RELATION.

Evidence that defendant, a creditor of plaintiff, placed its account in the hands of a collector who started suit in justice's court thereon against plaintiff and commenced another action against plaintiff's father, that the collector appeared as attorney for defendant in both cases, that one of the members of the firm told plaintiff he had placed that matter in the hands of the firm's collector to take such action as he might see fit, that the case against plaintiff's father was discontinued on plaintiff's promise to the firm to make payments on account, and that the collector took out a body execution on a judgment in assumpsit and unlawfully placed plaintiff under arrest, tends to show that defendant authorized the action of the collector and was liable in false imprisonment.

2. SAME—TRIAL.

The weight of the evidence is for the jury; whether there is any evidence tending to support the contention of a party is for the court; and if there is evidence supporting plaintiff's claim, it is error to direct a verdict for defendant.

Error to Wayne; Donovan, J. Submitted June 20, 1911. (Docket No. 107.) Decided September 29, 1911.

167 MICH.—2.

Case by John C. Curry against Traver-Bird Company for false imprisonment. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Reversed.

*Thos. J. Mahon* and *J. Emmet Sullivan* (*A. C. Bishop*, of counsel), for appellant.

*Bowen, Douglas, Eaman & Barbour*, for appellee.

McALVAY, J. Defendant recovered a judgment upon a directed verdict against plaintiff, in an action on the case for false imprisonment. This verdict was directed at the close of plaintiff's case on motion of counsel for defendant, on the ground that there was no evidence in the case connecting defendant with the false imprisonment charged. The errors assigned are based upon this ruling.

The evidence in the case, which will be taken as true in determining the question presented, shows that plaintiff, a man over 30 years old, was indebted to defendant in the sum of about $30 for the price of a suit of clothes and an overcoat purchased from it, and saw members of the Traver-Bird Company about the bill several times. On February 29, 1908, defendant commenced suit against plaintiff, before a justice of the peace of the city of Detroit, for this indebtedness, in which suit Edward Jones appeared as its attorney. The summons was served on the date of its issue, and returned March 3d. The declaration was in assumpsit, and a judgment was entered by default, March 11th, for $35 and costs in its favor; said Jones being sworn for the Traver-Bird Company as the only witness to prove its claim. On the date of the commencement of this suit, another suit was begun by the defendant company, by summons, against Michael Curry, the young man's father, to recover for the same indebtedness. Jones appeared as attorney for the company in both cases. He signed the præcipe for summons. His business was that of a collector. The son, after service of the summons on Michael Curry, went to the company's place of business

and had a talk with Mr. Bird, telling him he did not want his father bothered, and that he would pay the bill if time was given him.   Mr. Bird agreed that he would drop the suit against the father if the son arranged with Mr. Hill to pay the bill.   Such an arrangement was made, and the case was accordingly discontinued March 6, 1908, in writing, signed by Edward Jones and filed with the justice. The following letter was also sent to the father, ratifying what had been done:

"*Dear Sir:*

"On agreement of your son, John, to call at our office March 16th and pay on account at least $5.00, and possibly more, suit against you has been discontinued.   This stay of proceedings on our part is conditional only on above agreement.
                    "Yours very truly,
                          "TRAVER-BIRD CO."

At the time agreed, the young man went to the company's office and again told Mr. Bird that he could not make the payment.   Mr. Bird then told him:

"I have nothing further to do with the matter.   I have placed it in the hands of my collector, and authorized him to take whatever measures he sees fit to collect the debt."

On March 18, 1908, a body execution on the judgment in this assumpsit case issued from justice's court against the defendant (plaintiff in the instant case), and was placed in the hands of a constable, who later, in company with collector Jones, went to the home of this plaintiff. Jones told him he represented Traver-Bird and demanded payment on the bill, and, when he said he could not pay, ordered him arrested.   The constable showed his badge, and said he had a warrant for his arrest, showing him a paper saying that he must go with them.   They took him from his home, No. 420 Fort Street East, down Fort street; he walking between them.   Jones was talking all the way down, saying that he would prefer a settlement; that it would be a shame for a man of his reputation and acquaintance to go to jail.   At Antoine street Jones pro-

posed to go to see plaintiff's father, which plaintiff refused to consent to. Jones then said he would get the constable to let him go until the next morning, and if he was at the constable's room in the county building by 10 o'clock and made a payment it would be all right; otherwise the constable would take him to jail. He was then released from arrest.

It appears without dispute from the foregoing statement of the case made by the plaintiff that he was sued by defendant, and a judgment by default was obtained against him; collector Jones, in justice's court, acting for it, as attorney, and as the only witness sworn in the case to prove the amount due. For this purpose it was not necessary that Jones should be an attorney at law. The institution of these suits was recognized by the defendant, in that, after the consultation between plaintiff and Mr. Bird at defendant's place of business, the agreement to discontinue the suit against the father was carried out by the defendant, by the letter written by it to the father, and by the discontinuance, in writing, filed in the case on its behalf by Jones, who began the two suits at the same time for them, by signing the præcipe for summons. There had been up to this time but one collector in the case. But one inference can be drawn from these facts, and that is that, up to the time of taking the judgment against plaintiff, Jones was acting for defendant, with full authority to do for it what was done.

The question, then, is whether, with these facts fully established, there is any evidence to connect defendant with the conduct of Jones and the constable in arresting and holding plaintiff under arrest upon the body execution issued upon an ordinary judgment in assumpsit. Mr. Bird, who agreed for defendant to discontinue the suit against the father, which resulted as above stated, is the same Mr. Bird who made the statement, when informed that no payment could be made, that he had nothing further to do with the matter; that he had placed it in the hands of his collector, and authorized him to take what-

ever means he saw fit to collect the debt. The result was that this same collector, who had authority to bring this suit and authority to discontinue the suit against Curry, Sr., turns up with a body execution in the case in which judgment was secured against the plaintiff by his testimony, and perpetrates this arrest.

The question of the weight of the evidence is always for the jury. The question whether there is any evidence tending to support the contention of a party is for the court. This court has repeatedly held that a motion, made at the close of plaintiff's case, to direct a verdict for defendant, should not be granted, if there is any evidence in the case tending to prove plaintiff's contention upon the question involved. It is our conclusion that in the instant case there was evidence to go to the jury upon the question whether defendant was shown to have been connected with the false imprisonment charged. The court below was in error in holding to the contrary.

The judgment is reversed, and new trial granted.

OSTRANDER, C. J., and MOORE, BROOKE, and BLAIR, JJ., concurred.